

FILED & ENTERED

APR 28 2026

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY llewis      DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

In re:

Olivia Pino,

                              Debtor.

Case No.:      2:25-bk-17240-NB

Chapter:       13

**ORDER SETTING HEARING ON DEBTOR'S MOTION FOR VOLUNTARY DISMISSAL OF CHAPTER 13 CASE**

Hearing Date:
Date: May 7, 2026
Time: 8:30 a.m.
Place: Courtroom 1545
        255 E. Temple Street
        Los Angeles, CA 90012

This Court has reviewed Debtor's motion for voluntary dismissal of this chapter 13 case (dkt. 47, the "Dismissal Motion").  The Debtor filed the Dismissal Motion on April 22, 2026, after Wells Fargo Bank, National Association as Trustee for Option One Mortgage Loan Trust 2007-2, Asset Backed Certificates, Series 2007-2 filed a motion for relief from the automatic stay (dkt. 31) on January 31, 2026, which remains pending and is currently scheduled to be heard on June 2, 2026 at 10:00 a.m.[1]  Therefore,

---

[1] The Dismissal Motion inaccurately states that there is no motion for relief from the automatic stay pending in this case and that no such motions have been filed in this case.  (*See* Dismissal Mot. at § 2).

pursuant to 11 U.S.C. § 109(g)(2), if this Court grants the Dismissal Motion, it has no choice but to impose a 180-day bar to being a debtor in bankruptcy.

This Court notes that the Chapter 13 Trustee ("Trustee") has filed a motion to dismiss this case due to delinquent plan payments that have caused a material default under the terms of the confirmed plan, pursuant to 11 U.S.C. § 1307(c)(6) (*see* dkt. 46). In connection with her motion to dismiss, the Trustee has <u>not</u> sought the imposition of a re-filing bar.  All rights are reserved for parties in interest to make whatever arguments they deem appropriate in connection with the Trustee's motion to dismiss, and the only point is that if the case were to be dismissed pursuant to 11 U.S.C. § 1307(c)(6), then this Court is <u>not required</u> under the statute to impose a re-filing bar.

Based upon the foregoing, and good cause appearing therefor, it is hereby ORDERED:

1) Debtor is directed to appear at the date and time set forth in the caption above to address whether she seeks dismissal of this case with or without a 180-day bar to being a debtor in bankruptcy.

2) To save time and expense, all parties in interest need not appear in person and are reminded of the posted procedures permitting them to appear via Zoomgov, either by telephone or video, per the instructions on this Court's website.

###

Date: April 28, 2026

Neil W. Bason
United States Bankruptcy Judge

-2-